**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMAN KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-492-D |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Aman Kumar filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States on April 28, 2023. Petitioner was released on his own recognizance, and he applied for asylum in June 2023. Petitioner was re-detained on November 21, 2025, and he has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. He is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner's removal proceedings are ongoing. He is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to him because he was living in the United States at the time of his re-detention, and his detention should instead be governed by § 1226. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner contends he is being held in violation of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. (INA). Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

1

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 7], and Petitioner filed a reply [Doc. No. 8].

In their response, Respondents contend that Petitioner did not sufficiently raise a cause of action under the INA. Respondents add that, if the Court construes Petitioner's Petition as stating a cause of action under the INA, they acknowledge this Court's prior rulings on the issue. Upon review of the Petition [Doc. No. 1], the Court construes the Petition as including a cause of action under the INA. In it, Petitioner sets forth the statutory framework of the relevant INA provisions, to include § 1225(b)(2) and § 1226(a), and he argues against ICE's legal position that § 1225(b)(2)(A) applies to noncitizens like Petitioner. [Doc. No. 1, at 6-7]. As stated in the Petition, "this argument defies the INA and is patently incorrect." *Id.* at 7. Petitioner further states that "[his] detention is governed by § 1226(a), and he is legally entitled to a bond redetermination hearing." *Id.* Petitioner also alleges that "[t]he phrase 'an alien seeking admission' in 8 U.S.C. § 1225(b)(2)(A) should be understood to mean only those noncitizens who are detained while seeking admission from outside the United States," and that "[n]oncitizens who are already living in the United States and charged with being inadmissible are covered by the detention rules in 8 U.S.C. § 1226." *Id.* at 9.

In Petitioner's reply, he asserts that he did allege a cause of action under sections 1225 and 1226 of the INA and reiterates that § 1226(a) should govern Petitioner's detention. [Doc. No. 8, at 2-3]. Upon consideration, the Court finds that Petitioner has sufficiently alleged that his detention violates the INA. *See Akhalaia v. Figueroa*, No. CIV-26-133-R, 2026 WL 637620, at *2 (W.D. Okla. Mar. 6, 2026) ("The Court finds the

2

allegations in the Petition and arguments in his Reply sufficient to raise the '§ 1225 and § 1226 issue,' … and thus sufficient for the Court to determine Petitioner's case on the merits.").

Turning to the merits, the Court must determine whether Petitioner's detention is governed by § 1225(b)(2)(A) or § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin*, 2025 WL 3645176, at *4. Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez*, 2026 WL 18932, at *1; *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D.

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, No. 25-3248, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 15th day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.